UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEED SERVICES, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, inclusive,<br><br>    Defendants. | CASE NO. 1:10-CV-2185 AWI GSA<br><br>ORDER RE: MOTION TO DISMISS |

Defendants have made a motion to dismiss for failure to state a claim under Fed. Rule Civ. Proc. 12(b)(6). Plaintiff opposes the motion. Based on the analysis contained herein, the motion to dismiss is denied.

**I. History**[1]

Plaintiff Seed Services, Inc. ("Seed Services") produces and supplies seeds for agricultural production. Defendant Winsor Grain, Inc. ("Winsor Grain") sells Seed Services's products in the Middle East. Defendant William Cook ("Cook") is the owner and president of

---

[1] The factual history is provided for background; the assertions contained therein are not necessarily taken as adjudged to be true. The legally relevant facts relied upon by the court are discussed within the analysis.

1

1  Winsor Grain (collectively "Defendants").  On August 30, 2010, Seed Services and Defendants
2  entered into a contract whereby Seed Services agreed to buy certain assets of Winsor Grain
3  ("Contract").  In key part, Winsor Grain agreed to transfer to Seed Services certain intellectual
4  property, to turn over its customer list, to have Cook act as Seed Services's agent for nine
5  months, and to cease all new sales.  In return, Seed Services agreed to pay Winsor Grain a total
6  of $1,000,000; $250,000 of which was to be paid immediately in the form of credit for accounts
7  payable Winsor Grain owed Seed Services.  On September 8, 2010, Seed Services sent a
8  shipment of seed to third party Erzam Agricultural Trading Co. ("Erzam") in Saudi Arabia which
9  arrived on October 12, 2010.  On that date, Cook instructed Erzam to deposit the $900,000
10 payment for the shipment to an account owned by Winsor Grain.  Seed Services objected to the
11 money going to Winsor Grain.
12     Seed Services filed suit on November 22, 2010, alleging the following causes of action:
13 (1) conversion on the part of Defendants, (2) breach of fiduciary duties on the part of Cook, (3)
14 fraud on the part of Defendants, (4) seeking rescission of the Contract against Winsor Grain, (5)
15 breach of contract on the part of Winsor Grain, and (6) unjust enrichment on the part of
16 Defendants. Doc. 1.  Defendants have filed a motion to dismiss for failure to state a claim. Seed
17 Services opposes the motion.  The matter was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)....a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007), citations omitted.  "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown that the pleader is entitled to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), citations omitted.  The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  The court must also assume that "general allegations embrace those specific facts that are necessary to support the claim." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 889 (1990), citing Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds at 127 S. Ct. 1955, 1969.  Thus, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  At the other bound, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated...laws in ways that have not been alleged." Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).

    In deciding whether to dismiss a claim under Fed. Rule Civ. Proc. 12(b)(6), the Court is generally limited to reviewing only the complaint.  "There are, however, two exceptions....First, a court may consider material which is properly submitted as part of the complaint on a motion to dismiss...If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. Second, under Fed. Rule Evid. 201, a court may take judicial notice of matters of public record." Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001), citations omitted. The Ninth Circuit later gave a separate definition of "the 'incorporation by reference' doctrine,

3

which permits us to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005), citations omitted.  "[A] court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss. Facts raised for the first time in opposition papers should be considered by the court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice." Broam v. Bogan, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003), citations omitted.

If a Fed. Rule Civ. Proc. 12(b)(6) motion to dismiss is granted, claims may be dismissed with or without prejudice, and with or without leave to amend.  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc), quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

### III. Discussion

Defendants do not address each cause of action separately, but instead focuses on two general issues: the contract language and the requirements of fraud.

**A. Contract Language**

The complaint states, in key part,

> 13. Because Seed Services was to make all new shipments of seed, and Winsor was to halt all new seed sales as of the date of contract, all payments for new shipments were to go directly to Seed Services. On September 8, 2010, Seed Services sent a shipment of its seed to Erzam Agricultural Trading Co. in Saudi Arabia, which arrived in Saudi Arabia on October 12, 2010. Erzam Agricultural Trading Co. was to wire payment for said shipment to a designated bank account of Seed Services in Fresno, California.
>
> 14. On October 12, 2010 without prior notice, warning, consent or authorization of Seed Services, and while acting as an agent of Seed Services, Defendant Cook diverted the $900,000.00 payment intended for Seed Services by instructing Erzam Agricultural Trading Co. to wire the payment for this shipment to a separate bank account owned by

4

Defendant Winsor in Milwaukee, Wisconsin, rather than to seed Services as called for by the Contract.

Doc. 1, Complaint, at 3:21-4:3. The Contract (which was signed by representatives of both Winsor Grain and Seed Services) states that "New seed sales to the Mid-East will be started by Seed Services and ceased by Winsor Grain Inc upon execution of this agreement." Doc. 1, Ex. A. Defendants argue these allegations are insufficient:

> Conclusory allegations abound. As the Complaint acknowledges, under the contract, dated August 30, 2010, Winsor Grain was required to halt all 'new seed sales.' Several days later, on September 8, 2010, Seed services shipped some seed to Saudi Arabia. Although this shipment forms the basis of Plaintiff's entire claim, there is simply no way to tell whether or not it constitutes 'new seed sales'....
>
> While it is clear on the issue of new seed sales, the Contract expresses no terms affecting sales that *predate* the Contract. The writing is silent in this regard and the Complaint provides no guidance whatsoever. Absent are any allegations of conduct critical to establish Plaintiff's claims. Defendants are left to guess what it is about the shipment that gives rise to some sort of breach, tort, or other claim. The complaint is deficient, hence it fails as a matter of law.

Doc. 9, Brief, at 5:12-24.  Seed Services responds that "It could not be more clear from the plain reading of the Complaint that Plaintiffs are alleging the September 8, 2010 shipment to Saudi Arabia constituted 'New Sales' under the terms of the Contract." Doc. 12, Opposition, at 3:23-25.  Defendants respond that "Although Plaintiff argues that where its Complaint alleges 'shipments' the court should infer it to mean 'new seed sales,' that position is unavailing. The two terms are not synonymous; each denotes a separate activity." Doc. 13, Reply, at 6:3-5.

At base, Defendants are objecting to Seed Services's interpretation of the Contract. Defendants are arguing that under their interpretation of the Contract, there has been no breach, therefore, Seed Services has not stated a claim.  However, Seed Services's straightforward allegations state that the September 8, 2010 shipment to Saudi Arabia constitutes a new sale and diverting payment from Seed Services to Winsor Grain violates the Contract.  Seed Services has made its interpretation of the Contract abundantly clear and has facially stated a claim for breach of contract.  A motion to dismiss is not the appropriate stage of litigation for a definitive determination of the meaning of potentially ambiguous language in a contract.

**B. Fraud**

  Seed Services alleges,

  31. Seed Services is informed and believes and thereon alleges that Defendants Cook, individually and on behalf of Winsor, knowingly made false representations to Seed Services regarding their intention to sell certain assets of Winsor under the Contract. Winsor and Cook told Seed Services they would accept payment under the Contract pursuant to those terms, which called for a down payment by forgiveness of debt and the rest as royalties over time. Shortly after entering into the contract, Cook unilaterally and materially changed the payment terms of the contract by diverting payment of Erzam Agricultural Trading Co. to his own account....

  33. Seed Services is informed an believes and thereon alleges that Winsor and Cook made false representations with the intent to induce Seed Services to enter into the Contract and to continue on with the Contract. Seed Services further alleges upon information and belief that Winsor and Cook knew that if they stated their true intentions not to properly perform under the Contract, Seed Services would not have ever entered into the contract in the first place.

Doc. 1, Complaint, at 6:14-18. The appended Contract was dated August 30, 2010, and signed by Cook as a representative of Winsor Grain. Doc. 1, Ex. A.

  Defendants argue that the complaint "alleges that Cook made 'false representations,' but fails to recite what the 'false representations' consisted of, when they were made, who made them, and to whom they were made." Doc. 9, Brief, at 6:15-17. Fed. Rule Civ. Proc. 9(b) requires that "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Allegations of fraud should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). Under California law, the "elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004).

Though the substantive elements of fraud are set by a state law, those elements must be pled in accordance with the requirements of Fed. Rule Civ. Proc. 9(b). See <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1103 (9th Cir. 2003).

In the opposition papers, Seed Services goes through the complaint and appended Contract to point out the representation at issue was that Winsor Grain would abide by the Contract; Cook, individually and on behalf of Winsor Grain, made the representations; the representation was made on August 30, 2010 with the signing of the Contract; the fraud was discovered on October 12, 2010 with the discovery of the $900,000 wire transfer; and the representation was false because Winsor Grain had no intention of abiding by the Contract at the time of signing. Doc. 12, Opposition, at 5:8-23. Seed Services's allegations state a claim under California law and meet the Fed. Rule Civ. Proc. 9(b) standard.

## IV. Order

Defendants' motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: February 8, 2011

_____
CHIEF UNITED STATES DISTRICT JUDGE