T. SCOTT BELDEN, CSB No. 184387
PAUL C. FRANCO, CSB No. 203899
KALEB L. JUDY, CSB No. 266909
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIMBALL, LLP
4550 California Avenue, Second Floor
Bakersfield, California 93309
P.O. Box 11172
Bakersfield, California 93389-1172
Telephone: (661) 395-1000
Facsimile: (661) 326-0418
E-Mail: sbelden@kleinlaw.com; kjudy@kleinlaw.com

Attorneys for Plaintiff and Cross-Defendant Seed Services, Inc.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| SEED SERVICES, INC., a California corporation,<br><br>                    Plaintiff,<br><br>         vs.<br><br>WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, Inclusive.<br><br>                    Defendants. | Case No. 1:10-cv-02185-AWI-GSA<br><br>**Stipulated Protective Order Governing Confidential and Proprietary Information** |

     Plaintiff and cross-defendant SEED SERVICES, INC., by and through its attorneys, Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP, and defendants and cross-complainants WINSOR GRAIN, INC. AND WILLIAM COOK, by through their attorneys, Gilmore Wood Vinnard & Magness, stipulate as follows:

     WHEREAS the parties believe that discovery in this action may include the disclosure and/or production of documents, writings, materials, information, or testimony that may be protected under the constitutional, statutory, or common law right to privacy or protected as

1 confidential business and financial, proprietary, and/or trade secret information, and without
2 waiver of objections to the discoverability of any such information, it is the parties' intention to
3 provide a mechanism by which discovery of relevant information, otherwise not objectionable,
4 may be obtained in a manner that protects all parties, including non-parties, and third parties to
5 this litigation, from the risk of unwarranted disclosure of such confidential information.

6   IT IS HEREBY STIPULATED AND AGREED by and between the parties that the
7 following procedures will be employed:

8   1.   The term "Documents" means all writings and recordings as defined in Federal
9 Rules of Evidence Rule 1001.

10   2.   Nothing in this Protective Order is deemed to either (a) waive any objection the
11 parties may raise to the production of any information and the right to refuse to produce such
12 information based on any objection, or (b) be an admission regarding the relevancy of the
13 information requested.

14   3.   This Protective Order shall govern the designation and handling of information
15 containing or concerning confidential or proprietary non-public, commercial, financial, trade
16 secret, or private information produced in this lawsuit, whether produced by plaintiff,
17 defendants, or third parties.

18   4.   With respect to any confidential information or Documents, as defined in
19 paragraph 3, the parties may designate, at or prior to the time of or after the production of such
20 information, all or any portion of such information as confidential information under the terms
21 of this Protective Order.

22   5.   The parties may also designate as confidential any information that the party in
23 good faith believes constitutes confidential information within the scope of paragraph 3.  The
24 parties may also designate as confidential any personal information or information subject to a
25 legally protected right of privacy.

26   6.   Documents designated "Confidential – Subject to Protective Order" produced
27 during discovery shall be used only for the purpose of preparing for and conducting discovery,
28 trial, any proceedings in this action, and any appeal, and not for any business, personal, or other

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

purpose whatsoever. Documents designated "Confidential—Subject to Protective Order" shall not be given, shown, or made available or communicated in any way to anyone except as provided in this protective order.

7. By a person's signature on a copy of Exhibit "A," that person agrees to be bound by the terms of this protective order and understands that a violation of the terms of this protective order will constitute contempt of court. Each party will maintain a separate file of all signed copies of Exhibit "A."

8. Except as otherwise provided by this protective order, Documents designated "Confidential—Subject to Protective Order" may be disclosed to the following only if they have first signed Exhibit "A":

    a. counsel of record for the parties in this action, including attorneys, clerical, paralegal, or other staff employed by such counsel;

    b. individual parties and such officers, directors, or employees of parties, as counsel in good faith require to provide assistance in the prosecution or defense of this action, and for no other purpose;

    c. expert witnesses or consultants retained by counsel of record for the parties in this action; and

    d. any mediators, arbitrators, or other persons moderating a form of alternative dispute resolution to which the parties may submit.

9. Except as otherwise provided by this protective order, Documents designated "Confidential—Subject to Protective Order" may be disclosed to the following in the course of any proceeding of which all parties to the lawsuit have notice:

    a. Court reporters;

    b. The court, subject to the provisions of paragraph 12; and

    c. Witnesses at deposition or trial.

10. Documents designated "Confidential—Subject to Protective Order" may be disclosed to deponents in the course of reviewing, correcting and signing their own deposition transcripts, but the deponent may not retain a copy of the transcript unless he or she signs a copy of Exhibit "A."

11. Exceptions:

   a. This Protective Order shall not apply to information legitimately obtained by a party or its agents from a source other than the other party under this Protective Order, even if such information is additionally contained in materials marked as "Confidential—Subject to Protective Order."

   b. This Protective Order also shall not apply to any information that is or becomes demonstrably public knowledge other than by act or omission of a person subject to this protective order.

12. Any Documents designated "Confidential—Subject to Protective Order" that are filed with the court shall be filed in sealed envelopes or other appropriate sealed containers. The envelope shall bear a label containing the title of the action and its court number, and the title of the filed document to which it pertains. The label shall also bear the words:

> CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER
>
> This envelope contains Private Financial Information, and may not be opened or the contents revealed except by order of the court.

Any Documents designated "Confidential—Subject to Protective Order" filed with the court shall be maintained under seal by the Clerk of the Court and shall be made available only to the court and to counsel for the parties, until further order of the court. Counsel for the parties shall comply with all other applicable laws, decisions, and court rules regulating the submission of sealed information to a court.

13. No party is obligated to challenge the designation of Documents designated "Confidential—Subject to Protective Order" at the time of the designation. Any failure to challenge a designation does not preclude any subsequent challenge to the designation.

   a. If a party objects to the designation of a Document designated "Confidential—Subject to Protective Order," counsel must meet and confer with the other party in a writing delivered by facsimile transmission in an attempt to informally resolve the issue. If the challenge cannot be informally resolved within 15 days of the delivery of the meet and confer, the party challenging the designation must move the court

for a ruling regarding the Document within 45 days of delivery of the meet and confer, unless otherwise agreed by the parties in writing.

b.  A party that challenges a designation of a Document designated "Confidential—Subject to Protective Order," but does not move the court within 45 days of the meet and confer, waives any objection or challenge with respect to the designation of the Document.

c.  Until this court enters an order changing the designation of the Document, it shall be treated as if it were subject to this Protective Order.

d.  These provisions are not intended to nor shall they be construed to alter the requirements, burdens, or obligations of any of the respective parties under applicable law with respect to designating, challenging, or defending the designation of a Document designated "Confidential—Subject to Protective Order."

14.  Some Documents designated "Confidential—Subject to Protective Order" may have to be presented at mediation, arbitration, or some other method of alternative dispute resolution, trial, appeal, or retrial of this matter.  The parties do not intend for this Protective Order to prohibit or limit the presentation of such evidence.

15.  At the conclusion of this litigation (i.e., upon its final dismissal or entry of judgment, including the end of any appeals), all Documents designated "Confidential—Subject to Protective Order" will be returned to the party or person who originally produced the Document.  The attorneys of record for each party shall be entitled to retain their own copies of all pleadings, motion papers, discovery responses, deposition transcripts, correspondence, legal memoranda, and work product.  This order shall continue to be binding on the parties and their counsel after the conclusion of this litigation.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

IT IS SO STIPULATED.

Dated:  7-27-11                                        WINSOR GRAIN, INC., and
                                                                       WILLIAM L. COOK;

                                                                       Through their attorneys,

                                                             GILMORE WOOD VINNARD & MAGNESS


                                                             By  _____/s/ Scott L. Jones_____ _____
                                                                   DAVID MALCOLM GILMORE
                                                                   SCOTT L. JONES


Dated: _____

                                                                       SEED SERVICES, INC.

                                                                       Through its attorneys,

                                                                 KLEIN, DeNATALE, GOLDNER,
                                                             COOPER, ROSENLIEB & KIMBALL, LLP


                                                             By_____/s/ T. Scott Belden_____
                                                                   T. SCOTT BELDEN
                                                                   PAUL C. FRANCO
                                                                   KALEB L. JUDY
                                                                   Plaintiff & Cross-Defendant Seed Services, Inc.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| SEED SERVICES, INC., a California corporation, | Case No.  1:10-cv-02185-AWI-GSA |
| Plaintiff, | |
| vs. | |
| WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, Inclusive. | |
| Defendants. | |

**Exhibit "A"**

I, Scott L. Jones, declare under penalty of perjury under the laws of the State of California and the United States of America that I have read in its entirety the Stipulation for Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by all of its terms. I understand that any violation of the terms of the protective order can result in an order that I am in contempt of the United States District Court for the Eastern District of California, with all of its attendant consequences.

Signed:      /s/ Scott L. Jones

Dated:       7-27-11

Print Name    Scott L. Jones

Print Address  10 River Park Place East, Ste. 240, Fresno, CA 93729-8907

Work Phone   (559) 448-9800

KLEIN, DeNATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP
4550 CALIFORNIA AVENUE, SECOND FLOOR
BAKERSFIELD, CALIFORNIA 93309

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**

| | |
|---|---|
| SEED SERVICES, INC., a California corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, Inclusive.<br><br>　　　　　　　　Defendants. | Case No. 1:10-cv-02185-AWI-GSA |

**Exhibit "A"**

I, T. Scott Belden, declare under penalty of perjury under the laws of the State of California and the United States of America that I have read in its entirety the Stipulation for Protective Order in the above-referenced lawsuit, and agree to adhere to and be bound by all of its terms. I understand that any violation of the terms of the protective order can result in an order that I am in contempt of the United States District Court for the Eastern District of California, with all of its attendant consequences.

Signed:　　　/s/ T. Scott Belden

Dated:　　　7-28-11

Print Name　　T. Scott Belden

Print Address　4550 California Avenue, 2nd Floor, Bakersfield, CA 93309

Work Phone　　(661) 395-1000

**ORDER**

The Court has reviewed the above stipulation and adopts it in its entirety. However, the parties are advised that any documents designated as confidential that are filed with the Court must comply with Local Rule 141.

IT IS SO ORDERED.

Dated:   **August 2, 2011**                            **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE