UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEED SERVICES, INC., a California corporation,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, inclusive,<br><br>　　　　Defendants. | CASE NO. 1:10-CV-2185 AWI GSA<br><br>ORDER RE: TEMPORARY RESTRAINING ORDER |

　　　Plaintiff Seed Services, Inc. ("Seed Services") produces and supplies seeds for agricultural production. Defendant Winsor Grain, Inc. ("Winsor Grain") sells Seed Services's products in the Middle East. Defendant William Cook ("Mr. Cook") is the owner and president of Winsor Grain (collectively "Defendants"). On August 30, 2010, Seed Services and Defendants entered into a contract whereby Seed Services agreed to buy certain assets of Winsor Grain ("Contract"). In key part, Winsor Grain agreed to give Seed Services its trademarks, to turn over its customer list, to have Mr. Cook act as Seed Services's sales agent for nine months, and to cease all new sales to the Middle East. In return, Seed Services agreed to pay Winsor Grain a total of $1,000,000. $250,000 was to be paid immediately in the form of credit for accounts payable Winsor Grain owed Seed Services with the remainder to be paid to Mr. Cook as a commission on sales to North Africa and the Middle East. On September 8, 2010, Seed

Services sent a shipment of seed to third party Erzam Agricultural Trading Co. ("Erzam") in Saudi Arabia which arrived on October 12, 2010. On that date, Mr. Cook instructed Erzam to deposit the $900,000 payment for the shipment to an account owned by Winsor Grain. Seed Services alleges that this action is in violation of the Contract. Seed Services filed suit on November 22, 2010, alleging six causes of action: conversion, breach of fiduciary duties, fraud and deceit, rescission of contract, breach of contract, and unjust enrichment; the case is brought under diversity jurisdiction. Doc. 1, Complaint.

Recently, Seed Services filed a motion for temporary restraining order, alleging that Mr. Cook is attempting to infringe on Seed Services's trademark of the seed brand "California Gold." Doc. 39. Seed Services then filed a motion to amend the complaint to add claims of trademark infringement under the Lanham Act. Doc. 47, Part 2, Proposed First Supplemental Complaint. "California Gold" is one of the trademarks transferred from Winsor Grain to Seed Services as part of the Contract. It must be noted that, "California Gold" is not mentioned by name in the operative complaint. The operative complaint does not deal with trademark infringement as the relevant allegations all deal with actions that took place this year, after the original complaint was filed. Further, the motion for temporary restraining order is wholly based on trademark infringement; Seed Services requests an injunction preventing Defendants "from infringing on Seed Services' trademarks and from unfairly competing with Seed Services by using its trademarks." Doc. 39, Motion, at 1:28-2:1. Seed Services has provided no briefing supporting an injunction based on any of the legal bases advanced in the operative complaint. The motion for leave to amend is scheduled to be heard before Magistrate Judge Gary Austin on January 6, 2012. Defendants have not yet filed any response to the motion for leave to amend; the deadline for doing so has not yet passed. Unfortunately, this court can not rule on the motion for leave to amend at this point in time. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." Kaimowitz v. Orlando, 122 F.3d 41, 43 (11th Cir. 1997), citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945). Seed Services's motion for temporary restraining order must be denied without prejudice to refiling.

In the event that Seed Services renews the motion, the parties are advised that determining the application of a U.S. trademark to conduct outside the U.S. is an issue of subject matter jurisdiction. See McBee v. Delica Co., 417 F.3d 107, 117 (1st Cir. 2005).  The nationality of Defendants may be an important consideration as "Congress has the power to prevent unfair trade practices in foreign commerce by citizens of the United States, although some of the acts are done outside the territorial limits of the United States." Steele v. Bulova Watch Co., 344 U.S. 280, 286 (1952), quoting Branch v. Federal Trade Com., 141 F.2d 31, 35 (7th Cir. 1944); see also American Rice v. Arkansas Rice Growers Coop. Ass'n, 701 F.2d 408, 414 n.7 (5th Cir. 1983) ("[T]he United States has the power to prevent the enjoyment of a trademark right specifically granted to one of its citizens by a foreign state"); Ramirez & Feraud Chili Co. v. Las Palmas Food Co., 146 F. Supp. 594, 602 (S.D. Cal. 1956), adopted and summarily aff'd, 245 F.2d 874 (9th Cir. 1957) ("defendants' Mexican registration of plaintiff's mark can have no greater effect than to confer upon defendants a license or permission to use the mark in Mexico. It is not even contended that any public policy of Mexico requires defendants ever to exercise that license. So there could be no affront to Mexican sovereignty or Mexican law if, as between the parties, this court should declare that defendants may not so use their license under Mexican law as to injure plaintiff's foreign commerce conducted from the United States").  The parties are advised to address the Ninth Circuit's standard for determining the extraterritorial reach of the Lanham Act in Ocean Garden, Inc. v. Marktrade Co., 953 F.2d 500 (9th Cir. 1991).

It is ORDERED that, Seed Services's motion for temporary restraining order is DENIED without prejudice to refiling.  The hearing date of December 16, 2011 is VACATED.

IT IS SO ORDERED.

Dated:     December 16, 2011                              _____
                                                          CHIEF UNITED STATES DISTRICT JUDGE