UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEED SERVICES, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>WINSOR GRAIN, INC., a Minnesota corporation, WILLIAM L. COOK, an individual, and DOES 1 through 35, inclusive,<br><br>    Defendants. | CASE NO. 1:10-CV-2185 AWI GSA<br><br>ORDER RE: TEMPORARY RESTRAINING ORDER |

**I. History**

Plaintiff Seed Services, Inc. ("Seed Services") produces and supplies seeds for agricultural production. Defendant Winsor Grain, Inc. ("Winsor Grain") sells Seed Services's products in the Middle East. Defendant William Cook ("Cook") is the owner and president of Winsor Grain (collectively "Defendants"). On August 30, 2010, Seed Services and Defendants entered into a contract whereby Seed Services agreed to buy certain assets of Winsor Grain ("Contract"). In key part, Winsor Grain agreed to give Seed Services its trademarks (the use of the name "California Gold" among others), to turn over its customer list, to have Cook act as Seed Services's agent for nine months, and to cease all new sales to the Middle East. In return, Seed Services agreed to pay Winsor Grain a total of $1,000,000.

Seed Services filed suit on November 22, 2010, alleging Defendants violated the Contract by selling seed to Erzam Agricultural Trading Co. in Saudi Arabia ("Erzam"), one of the customers on the list.  Recently, Seed Services also alleged that Cook has sought to sell seeds he calls "California Gold" grown in Australia to Erzam.  Seed Services originally sought a temporary restraining order in December 2011; the motion was denied as it concerned trademark violations, which was a claim that was not part of this case.  Seed Services filed an amended complaint that alleged violations of the Lanham Act.  Seed Services has now made a motion for an ex parte temporary restraining order. Doc. 66.

## II. Legal Standards

Under Fed. Rule Civ. Proc. 65(b), a court may issue an ex parte temporary restraining order only if: (1) it clearly appears...that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed. R. Civ. Pro. 65(b); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006).  Rule 65(b)'s requirements are "stringent," and temporary restraining orders that are granted ex parte are to be "restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438-39 (1974).

The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. Bronco Wine Co. v. U.S. Dep't of Treasury, 997 F.Supp. 1309, 1313 (E.D. Cal. 1996); Lockheed Missile & Space Co. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Cal. 1995).  A plaintiff seeking a preliminary injunction must establish: (1) that he/she is likely to succeed on the merits, (2) that he/she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his/her favor, and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 18 (2008).  "Injunctive relief...must be tailored to remedy the specific

harm alleged." Park Vill. Apt. Tenants Ass'n v. Mortimer Howard Trust, 636 F.3d 1150, 1160 (9th Cir. 2011).

### III. Discussion

The Contract provided that Seed Services would acquire Winsor Grain's customer list and the associated right to sell to those customers in the Kingdom of Saudi Arabia and the Middle East. Winsor Grain also assigned the name "Winsor Grain" and certain tradenames or trademarks to Seed Services, including: (a) U.S. Trademark Registration No. 3,909,586, the "California Gold" mark; (b) U.S. Trademark Registration No. 2,755,555, the "Frisco" mark; (c) U.S. Trademark Registration No. 2,958,765, the "Pacific Grain and Seed Brand" mark; (d) U.S. Trademark Registration No. 2,982,806, the "Circle and Plant Design" mark; (e) U.S. Trademark Registration No. 2,986,619, the "Red Panic" mark; and (f) U.S. Trademark Registration No. 2,987,117, the "PSW and Design" mark. Doc. 66, Part 2, Ex. 2, (21-25 of 34). Subsequently, Cook attempted to sell alfalfa seed grown in Australia to Seed Services customers in Saudi Arabia under the "California Gold" brand. Doc. 66, Part 6, Ashour Declaration.

"[I]n order to show a probability of success in the causes of action for trademark infringement, false designation of origin and unfair competition, [parties] need show that a likelihood of confusion exists." Sardi's Restaurant Corp. v. Sardie, 755 F.2d 719, 723 (9th Cir. 1985), citations omitted. "[I]rreparable injury may be presumed from a showing of likelihood of success on the merits of a trademark infringement claim." Brookfield Communs., Inc. v. West Coast Entertainment Corp., 174 F.3d 1036, 1066 (9th Cir. 1999), citing Metro Publ'g, Ltd. v. San Jose Mercury News, 987 F.2d 637, 640 (9th Cir. 1993). Likelihood of confusion is determined by an eight factor test: "1. strength of the mark; 2. proximity of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. type of goods and the degree of care likely to be exercised by the purchaser; 7. defendant's intent in selecting the mark; and 8. likelihood of expansion of the product lines." AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-49 (9th Cir. 1979). The marks are identical. The products are substantially the same product. The marketing channel used is a narrow one: Cook approached Seed Services's

customers directly, and also approached its Middle Eastern sales agent.  It also appears that Cook chose to use the "California Gold" brand to capitalize on the goodwill/reputation that brand has built up.  These factors suggest that Seed Services will prevail on the merits of the Lanham Act claim.  The likelihood of confusion supports a finding of irreparable harm in the absence of an injunction.  The equities favor Seed Services and an injunction is in public interest.

Seed Services argues that "on March 6, 2012, supplemental documents were received from Winsor Grain indicating (a) as late as the end of December 2011, Mr. Cook was continuing to offer 'California Gold' alfalfa, to Seed Services' customers in Saudi Arabia, and (b) that at least one shipment of alfalfa, with an unknown brand name, had been shipped by Mr. Cook to Qatar." Doc. 66, Part 5, Brief, at 3:9-12; see Doc. 66, Part 2, Exs. 7 and 8, (33-34 of 34).  Mr. Cook's continuing efforts at selling "California Gold" branded alfalfa seed justifies granting a restraining order without hearing from Defendants in opposition.

This injunction involves activity outside the United States.  To support this sort of injunction under the Lanham Act, "there are three criteria that must be considered: (1) there must be some effect on American foreign commerce; (2) the effect must be sufficiently great to present a cognizable injury to plaintiffs under the federal statute; (3) the interest of and links to American foreign commerce must be sufficiently strong in relation to those of other nations." Ocean Garden, Inc. v. Marktrade Co., 953 F.2d 500, 503 (9th Cir. 1991).  Seed Services is an American company selling goods produced in the United States to foreign customers.  The crowding out of Seed Services's sales to customers in Saudi Arabia meets the first factor and the monetary injury from those foregone sales meets the second factor.  The third factor is further subdivided into seven considerations: "(1) Degree of conflict with foreign law....(2) Nationality of the parties....(3) Extent to which enforcement is expected to achieve compliance....(4) Relative significance of effects on U.S. as compared to elsewhere....(5) Explicit purpose is to harm U.S. commerce....(6) Foreseeability of such effect....(7) Relative importance of violations within the U.S." Ocean Garden, Inc. v. Marktrade Co., 953 F.2d 500, 503-4 (9th Cir. 1991).  In key part, Cook is an American citizen and Winsor Grain is an American company.  The infringement knowingly harms Seed Services's commerce in a significant manner.  The facts of this case

support an injunction that restricts the overseas activity of Defendants.

### IV. Order

1. Plaintiff shall serve a copy of the Motion For Temporary Restraining Order and Order to Show Cause Why a Preliminary Injunction Should Not Issue, this Order, and all associated filings, on Defendants' counsel by electronic service, including by facsimile transmission or federal express, on or before March 12 2012, at 1:00 PM.

2. Defendants shall file any and all responsive papers on or before March 19, 2012, at 4:00 PM.

3. Plaintiff may file reply papers on or before March 21, 2012, at 4:00 PM.

4. A hearing on Plaintiff's motion for preliminary injunction will be held on March 26, 2012, at 1:30 PM in Courtroom Two.

5. Defendants may apply to the Court for modification or dissolution of this Order upon two (2) days' notice to Plaintiff, or upon such shorter notice as the court may allow.

6. Plaintiff shall post a bond in the amount of $25,000.00 as security for this temporary restraining order as required by Fed. Rule Civ. Proc. 65(c).

7. William L. Cook, Winsor Grain, Inc., or their agents, employees, or persons acting in concert or participation with them, either directly or through another entity including but not limited to Cook Land & Cattle Pty. Ltd., are temporarily restrained and enjoined from doing the following:

    a. Using for any purpose the name "Winsor Grain";

    b. Using for any purpose any tradenames or trademarks conveyed to Seed Services, including: (a) U.S. Trademark Registration No. 3,909,586, the "California Gold" mark; (b) U.S. Trademark Registration No. 2,755,555, the "Frisco" mark; (c) U.S. Trademark Registration No. 2,958,765, the "Pacific Grain and Seed Brand" mark; (d) U.S. Trademark Registration No. 2,982,806, the "Circle and Plant Design" mark; (e) U.S. Trademark Registration No. 2,986,619, the "Red Panic" mark; and (f) U.S. Trademark Registration No. 2,987,117, the "PSW and Design" mark. (Collectively these tradenames and trademarks and associated intellectual

property rights, along with the name "Winsor Grain," are the "Tradenames and Trademarks.")

  c. Importing or attempting to import seeds to the Kingdom of Saudi Arabia or any other country in the Middle East using any of the Tradenames and Trademarks or any confusingly similar names or marks, including but not limited to the "California Gold" name and trademark registered in Australia by a company called "Cook Land and Cattle Pty. Ltd."

  d. Selling or attempting to make sales of seeds utilizing any of the Tradenames and Trademarks or any confusingly similar marks to customers located in the Kingdom of Saudi Arabia or any other country in Middle East.

  e. Contacting any persons in the Middle East for the purposes of making sales of seeds to the Middle East under any of the Tradenames and Trademarks or any confusingly similar names or marks.

8. This temporary restraining order is entered on March 9, 2012, at 4:10 PM.

IT IS SO ORDERED.

Dated: March 9, 2012

              CHIEF UNITED STATES DISTRICT JUDGE